CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 31 2020
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RIGOBERTO OROZCO,** | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7:19cv00040 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **M. BRECKON,** | ) | By: Hon. Jackson L. Kiser |
| | ) |    Senior United States District Judge |
| Respondent. | ) | |

Rigoberto Orozco, a federal inmate housed at the United States Penitentiary in Lee County, Virginia, and proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he was denied due process concerning a disciplinary conviction in 2018. This matter is before me on respondent's motion for summary judgment. For the following reasons, I conclude that the respondent's motion must be denied.

I.

On June 17, 2018, Orozco was charged with a disciplinary infraction for possessing a hazardous tool, after an operational cell phone was found in his lower abdominal area. A disciplinary hearing was held on June 27, 2018. The Disciplinary Hearing Officer ("DHO") found Orozco guilty and, among other sanctions, imposed a penalty of disallowance of forty-one days of good-conduct time. On July 25, 2018, Orozco filed an administrative appeal to the Mid-Atlantic Regional Office. In the appeal, Orozco indicated that he had not received a DHO report, but referenced the incident report, the date of the incident, the charge, and the approximate date he was served the incident report. On August 21, 2018, the appeal was rejected because Orozco "did not provide a copy of the DHO report . . . or identify the charges

and date of the DHO action." The rejection notice advised Orozco that he could resubmit the appeal "in proper form" within ten days of the rejection notice. On September 11, 2018, Orozco filed an administrative appeal to the Central Office, again indicating that he had not received a copy of the DHO report. On October 10, 2018, while the appeal was pending, Orozco received a copy of the DHO report. On October 15, 2018, the Central Office appeal was rejected, indicating that the office concurred with the rationale of the Regional Office. Orozco argues that his due process rights have been violated because he was not provided a copy of the DHO report within fifteen days, as provided for under Bureau of Prisons ("BOP") policy.

Respondent filed a motion for summary judgment, arguing that Orozco was provided all process he was entitled to under Wolff v. McDonnell, 418 U.S. 539, 557 (1974), but conceding that his administrative appeals were "improperly rejected."

## II.

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact *and the movant is entitled to judgment as a matter of law*." (emphasis added). The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Const. amend. XIV, § 1. "An inmate has a liberty interest in good[-]time credit and no state may constitutionally deprive him of that good time credit without due process of law." Moses v. Bledsoe, No. 1:03cv149, 2004 U.S. Dist. LEXIS 28924, at *6, 2004 WL 3317657, at *2 (N.D. W. Va. 2004). Certain procedural safeguards apply when loss of statutory good-conduct time is at issue. Wolff v. McDonnell, 418 U.S. 539, 557

(1974). These due process protections include: 1) advance written notice of the charges, 2) a hearing before an impartial decision maker, 3) the opportunity to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, 4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex, and 5) a written decision setting forth the evidence relied upon and the reasons for the disciplinary action. Id. at 563-71.

### III.

Delayed receipt of a DHO report, without more, is not a due process violation. Muldrow v. Bolster, No. 2:19cv5, 2019 U.S. Dist. LEXIS 174216, at *12-13 (E.D. Va. Aug. 27, 2019); Shahan v. Ormond, No. 3:18cv200, 2018 U.S. Dist. LEXIS 214149, at *20, 2018 WL 6681210, at *8 (E.D. Va. Dec. 19, 2018); Pinson v. Berkebile, 528 F. App'x 822, 826-27 (10th Cir. 2013) (finding no prejudice to prisoner challenging disciplinary proceeding from multi-year delay in delivery of DHO report). Although the BOP's Program Statement sets a putative, 15-day time limit on delivery of DHO reports, see BOP Program Statement, Inmate Discipline Program, Policy No. 5270.09, § 541.8(h), "the BOP's violations of its own policies do not amount to a due process violation," Bauer v. Warden FCI Williamsburg, No. 6:16cv304, 2017 U.S. Dist. LEXIS 9738, at *5, 2017 WL 318683, at *2 (D.S.C. Jan. 23, 2017).

Nevertheless, although failing to abide by its own policies is not a *per se* due process violation, such a violation may give rise to a claim when the violation prejudices a claimant in some meaningful way. "It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay." Consolidation Coal Co. v. Borda, 171 F.3d 175, 183 (4th Cir. 1999). Here, there is no dispute that Orozco received the DHO

report on October 10, 2018, nearly three and half months after the disciplinary hearing. Moreover, there is no dispute that Orozco's appeals were rejected because he failed to include the DHO report, which the BOP had failed to provide him. Accordingly, because the BOP failed to adhere to its self-imposed guidelines, Orozco's appeals were rejected, and he was accordingly prejudiced by the BOP's inaction.

Respondent does not address this apparent prejudice or address how Orozco was supposed to include with his appeals a DHO report the BOP had not provided to him. Thus, Respondent has failed to show he is entitled to summary judgment as a matter of law. Accordingly, I will deny the motion and direct respondent to show cause why I should not grant Orozco's petition to allow him to file a belated appeal of his disciplinary conviction based on the apparent prejudice he suffered as a result of the delayed receipt of the DHO report.

**ENTERED** this 31st day of March, 2020.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE