IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RIGOBERTO OROZCO, ) | |
|     Petitioner, ) | Civil Action No. 7:19-cv-00040 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| J.C. STREEVAL, ) | By: Michael F. Urbanski |
|     Respondent. ) | Chief United States District Judge |

## MEMORANDUM OPINION

On January 17, 2019, petitioner Rigoberto Orozco, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he was deprived of good time credits without due process following a prison disciplinary hearing. This matter is before the court on respondent J.C. Streeval's[1] response to the court's order to show cause. After reviewing the record, the court concludes that respondent has shown cause and that the petition must be dismissed. For the reasons stated below, the court **DISMISSES** Orozco's motion for relief under 28 U.S.C. § 2241.

## BACKGROUND

Orozco is incarcerated at United States Penitentiary (USP), Lee in Jonesville, Virginia. He complains about procedures in a hearing before a disciplinary hearing officer (DHO) that resulted in the loss of good conduct time (GCT).

---

[1] Warden J.C. Streeval has been substituted for M. Breckon as respondent in this matter. See Fed. R. Civ. P. 25(d) (allowing substitution of parties for public officers named as parties in an action).

In Incident Report (IR) No. 3094263,[2] Orozco was charged with possession of a hazardous tool, specifically a cell phone. ECF No. 5-2 at 1. According to the reporting officer:

> On February 27, 2018 inmate Orozco, Rigoberto, . . . was received off the bus from Atlanta, during the body scan an unknown item was visible inside Orozco lower abdominal area. Orozco was placed on dry cell status; on February 27, 2018 at approximately 2:05 p.m., Orozco produced a three-inch long item inside a blue rubber container. On February 27, 2018 at approximately 7:00 p.m., this blue container was opened by me in the SIS Department, inside was an operational black LONG-CZ cell phone. This report was delayed due to waiting for Orozco to be removed off dry cell to ensure he did not possess any further contraband.

Id.[3] The report was signed on February 28, 2018, at 8:00 p.m. Id.

A hearing before the DHO was held on June 27, 2018.[4] ECF No. 5-3 at 2. Orozco waived his right to a staff member and witnesses and presented no documentary evidence. Id. at 1-2. When the DHO showed him the photograph of the cell phone and asked if it was his, Orozco replied "No Comment." Id. at 2.

The DHO found that Orozco committed the prohibited act of possession of a hazardous tool. Id. The DHO considered the IR, the investigation, the photographs of the black, three-inch LONG-CZ cellular phone found in Orozco's possession, and the chain of custody log for the cell phone dated February 27, 2018. Id. The DHO noted Orozco's silence during his interview with the investigator, his hearing before the Unit Disciplinary Committee

---

[2] There is apparently some confusion regarding the IR number. Compare ECF No. 1 at 2, ECF No. 5-1 ¶ 5, and ECF No. 5-3 at 1 with ECF No. 1 at 22 and ECF No. 5-2 at 1. The court utilizes the IR number that appears in the DHO report.

[3] The court has eliminated extraneous internal capitalization, quotation marks, alterations, footnotes, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

[4] The DHO report notes that "the processing of this incident report was suspended pending referral to the FBI/AUSA for possible prosecution. The report was released on June 17, 2018, at which time disciplinary proceedings resumed." ECF No. 5-3 at 2.

(UDC), and the DHO hearing. Id. The DHO found no evidence, nor was any provided by Orozco, that he did not commit the prohibited act. Id. The DHO also found no evidence that the staff member conspired to falsely accuse Orozco. Id.

The DHO sanctioned Orozco to disallowance of forty-one days of GCT, forfeiture of 41 days of non-vested GCT, loss of phone privileges for 270 days, and loss of commissary privileges for 180 days. Id. The DHO thoroughly explained his rationale for the sanctions imposed. Id. The DHO's report was signed and dated on June 27, 2018, the date of the hearing, id., but Orozco did not receive a copy of it until October 10, 2018, ECF No. 1 at 15, 17.

Orozco filed an administrative appeal of the DHO's decision with the Regional Director in which he challenged the qualifications of the DHO, the delay in acting on the incident report, lack of receipt of the DHO report in a timely manner, and the lack of notification of appeal by the DHO. Id. at 22-23. He included the Incident Report number, the date of the incident, the approximate date of the commencement of the investigation, the charges against him, and the sanctions imposed. Id. at 22.[5] He did not include a copy of the DHO report because he did not have one. Id.

Orozco's administrative remedy was rejected by the Regional Director on August 21, 2018. Id. at 21. The reason given was that Orozco "did not provide a copy of the DHO report [he] wish[ed] to appeal or identify the charges and date of the DHO action." Id. The

---

[5] Orozco may have included a copy of the IR as well. ECF No. 1 at 24. The copy seemingly attached to the administrative remedy bears a handwritten notation as to when it was received.

rejection notice informed Orozco that he could resubmit his appeal "in proper form" within ten days of the date of the rejection notice. Id.

Orozco next filed an administrative remedy with the Central Office challenging the Regional Director's rejection. Id. at 20. Orozco noted that he had provided the required information, although he did not include the DHO report because he still had not received a copy of it. Id.

On October 15, 2018, the Central Office rejected Orozco's administrative appeal. Id. at 19. The rejection notice stated: "Concur with rationale of regional office and/or institution for rejection. Follow directions provided on prior rejection notices." Id. Orozco was also instructed to see his unit team for a copy of the DHO report and that, if one were not available, "a memo from your unit team stating so will suffice." Id. While Orozco's administrative remedy was pending, he received a copy of the DHO report. Id. at 15–16.

In his petition brought pursuant to 28 U.S.C. § 2241, Orozco claims that his due process rights were violated because he has had "no access to file an appeal to challenge [the] DHO sanctions in relation to good time credits[.]" Id. at 6; see also id. at 10. He claims that his "sanctions should be null and void and set aside." Id. at 13. Respondent filed a motion for summary judgment, ECF No. 4, which the court denied in an order dated March 31, 2020, ECF No. 10. The court also directed respondent "to show cause within twenty-one (21) days why Orozco's petition should not be granted to allow him to file a belated appeal." Id.; see also ECF No. 9 at 4. Respondent timely filed a memorandum of law in response to the court's order. ECF No. 11 (Response). Respondent argues that Orozco's petition should be denied on the merits because (1) the BOP's erroneous rejection of Orozco's appeals did not violate

4

his rights; and (2) a new administrative appeal would be futile because Orozco received all the process due under Wolff v. McDonnell, 418 U.S. 539 (1974). Id. at 6-9.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

Although § 2241 does not contain a statutory exhaustion requirement, courts require petitioners to exhaust their administrative remedies prior to bringing a habeas corpus cause of action. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004). The exhaustion requirement gives prison officials an opportunity to develop a factual record and provides prisons "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204 (2007). Failure to exhaust may be excused only on a showing of cause and prejudice. McClung, 90 F. App'x at 445 (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)). It is respondent's burden to establish a petitioner's failure to exhaust administrative remedies. Patterson v. Bolster, No. 3:18CV854-HEH, 2020 WL 520588, at *1 n.3 (E.D. Va. Jan. 31, 2020) (noting in § 2241 context that "failure to exhaust administrative remedies is an affirmative defense" (quoting Jones, 549 U.S. at 216 (concluding, in context of Prison Litigation Reform Act (PLRA) that "failure to exhaust is an affirmative defense under the PLRA")); Shahan v. Ormond, No. 3:18CV200-HEH, 2018 WL 6681210, at *1 n.4 (E.D. Va. Dec. 19, 2018) (same).

The BOP administrative remedy program is set out at 28 C.F.R. § 542.10 – 542.19. Inmates are directed to first attempt informal resolution of an issue to staff, and each warden establishes procedures for the informal resolution of complaints. 28 C.F.R. § 542.13. If an inmate is not satisfied with the response he receives from his attempt at informal resolution,

5

he may file an administrative remedy request. Id. The deadline for completion of informal resolution and submission of a formal administrative remedy request is twenty days following the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a).

Administrative remedy requests involving issues other than DHO hearings are submitted to the institution staff member designated to receive such requests. 28 C.F.R. § 542.14(c)(4). Appeals of DHO decisions are submitted initially to the Regional Director for the region where the inmate is located. 28 C.F.R. § 542.14(d)(2). An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a).[6] Appeal to the General Counsel is the final administrative appeal. Id. Appeals to the Regional Director are made on BP-10 forms and appeals to the General Counsel are made on BP-11 forms. 28 C.F.R. § 542.15(b)(1).

## II. Merits

As noted above, on March 31, 2020, the court denied respondent's motion for summary judgment. ECF No. 10 at 1. The court found that respondent had not addressed the apparent prejudice Orozco suffered due to the erroneous denial of his administrative appeals, ECF No. 9 at 4; see also Patterson, 2020 WL 520588, at *1 n.3 (noting that "[r]espondent has not adequately addressed whether the *significant* delay in Patterson's receipt of the DHO Reports impacts Patterson's ability to exhaust all administrative remedies before filing suit" and therefore addressing merits of petitioner's claims), and directed respondent to

---

[6] These time limits may be extended when the inmate demonstrates a valid reason for the delay. 28 C.F.R. § 542.15(a); see also 28 C.F.R. § 542.14(b) (listing possible reasons for delay).

show cause why the petition should not be granted and Orozco allowed to file a belated appeal, ECF No. 9 at 4; ECF No. 10 at 1. Respondent has done so.

Delayed receipt of a DHO report, without more, is not a due process violation. Shahan, 2018 WL 6681210, at *8; accord Pinson v. Berkebile, 528 F. App'x 822, 826-27 (10th Cir. 2013) (finding no prejudice to prisoner challenging disciplinary proceeding from multi-year delay in delivery of DHO report). The only authority setting a putative time limit on delivery of DHO reports is the BOP Program Statement, which states that a prisoner should receive a copy of the report "ordinarily within 15 work days of the decision." BOP Program Statement, Inmate Discipline Program, Policy No. 5270.09, § 541.8(h) (emphasis added). "[T]he BOP's violations of its own policies do not amount to a due process violation." Bauer v. Warden FCI Williamsburg, No. 6:16cv304, 2017 WL 318683, at *2 (D.S.C. Jan. 23, 2017). "It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay." Consolidation Coal Co. v. Borda, 171 F.3d 175, 183 (4th Cir. 1999).

Orozco claims that he has been prejudiced by his inability to appeal the DHO's decision, specifically disallowance of forty-one days of GCT, by the delayed receipt of the DHO report. ECF No. 1 at 6, 10-12. Respondent admits that petitioner attempted to exhaust his administrative remedies but that apparently the remedies were improperly rejected. Declaration of Tiffanie Little, ECF No. 5-1 ¶ 5;[7] see also ECF No. 5 at 6; ECF No. 11 at 3. However, respondent argues that Orozco has not been prejudiced for two reasons. First,

---

[7] Tiffanie Little is a legal assistant for the BOP's Mid-Atlantic Regional Office (MARO). ECF No. 5-1 ¶ 1.

7

respondent states that because Orozco has no constitutional right to an administrative appeal he could not be prejudiced by the erroneous denials. ECF No. 11 at 5. Second, respondent contends that Orozco has not been prejudiced because respondent has not asserted the defense of lack of exhaustion and, instead, has agreed to litigate the merits of Orozco's claims in this court. Id. at 3, 8.

Respondent's first statement is correct. There is no constitutional right to an administrative appeal. Colon v. Ratledge, No. 7:17CV00219, 2019 WL 245920, at *3 n.7 (W.D. Va. Jan. 17, 2019) ("Wolff does not recognize a constitutional right to an appeal from the disciplinary factfinder's decision."); Pitsenbarger v. Redman, No. 7:18CV00050, 2019 WL 254670, at *2 (W.D. Va. Jan. 17, 2019) (noting, in § 1983 context, that "[t]here is no constitutional right to an appeal from the disciplinary factfinder's decision"); Shuck v. Bledsoe, No. 7:05CV00214, 2005 WL 1677900, at *2 (W.D. Va. July 19, 2005) ("[I]nmates do not have a federal right to participate in grievance procedures." (citing Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)). Therefore, Orozco cannot be prejudiced by errors in a process to which he was not constitutionally entitled. Colon, 2019 WL 245920, at *3 n.7 (finding claim that delay in receipt of DHO report prevented petitioner from pursuing disciplinary appeal under BOP regulations "state[d] no viable habeas claim"); Shuck, 2005 WL 1677900, at *2 (finding that petitioner had not stated a claim based on denial of a right under the laws or constitution of the United States by being denied access to grievance process). In addition, the administrative remedy slate has, in essence, been wiped clean by respondent's waiver of the affirmative defense of lack of exhaustion and willingness to proceed to the merits of Orozco's claims. Accordingly, the court turns to the merits.

Respondent argues that petitioner received all the process he was due during the DHO hearing. ECF No. 5 at 7-9; ECF No. 11 at 8-9. In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due process and acknowledged that under certain circumstances a state may create liberty interests which are protected by the Due Process Clause. Id. at 483-84 (citing Wolff v. McDonnell, 418 U.S. 539 (1974), and Meachum v. Fano, 427 U.S. 215 (1976)). However, the interests generally are limited to those which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Orozco lost 41 days of GCT as a result of the infraction, and it is well-established that inmates have a liberty interest in the forfeiture of vested good time credits. Batra v. Smith, No. 3:13CV787, 2016 WL 4249494, at *2 (E.D. Va. Aug. 9, 2016) (citing Henson v. United States Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000)); Downs v. Gill, No. DKC-10-964, 2011 WL 1457757, at *3 (D. Md. Apr. 15, 2011) (citing Henson, 213 F.3d at 898). Thus, GCT can only be taken from a prisoner in a manner that comports with due process.

The Supreme Court described the process due a prisoner accused of a disciplinary infraction in Wolff as follows: (1) He must receive written notice of the charges; (2) He must be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3)

9

There must be a written statement by the fact finder as to the evidence relied on and reasons for the decision. 418 U.S. at 564, 566.

The record reflects that Orozco received written notice of the charges, specifically the IR, on June 17, 2018. ECF No. 5-2 at 1-2. He was afforded the opportunity to have a staff member represent him at the DHO hearing and to present witnesses and evidence, but waived those rights. ECF No. 5-3 at 1; ECF No. 5-5 at 1. Orozco acknowledged that he had received a copy of the IR and that he understood his rights before the DHO. ECF No. 5-3 at 1. The DHO made a written record noting the evidence relied on to find petitioner guilty and the reasons for the sanctions imposed. Id. at 2. Thus, Orozco received the process he was due in accordance with Wolff.

It does not appear that Orozco, in either his petition before his court or in his initial administrative remedy, complains that there was insufficient evidence to support the DHO's finding. However, it is not the job of the courts to assess the weight of the evidence when reviewing a prison disciplinary hearing, but only to determine whether the guilty finding has support of some facts or any evidence at all. Tyler v. Hooks, 945 F.3d 159, 170 (4th Cir. 2019) (citing Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985)). "As long as a hearing officer's decision is supported by some evidence and the requirements of Wolff have been met, the decision cannot be disturbed on judicial review." Masengale v. Streeval, No. 7:19-cv-543, 2020 WL 4227559, at *4 (W.D. Va. July 23, 2020). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56; see also Tyler, 945 F.3d at 170 (quoting Hill, 472 U.S. at 455-56).

Here, the DHO relied on the IR, investigation, photographs of the cell phone, and chain of custody log for the cell phone in finding that Orozco committed the prohibited act of possession of a hazardous tool. ECF No. ECF No. 5-3 at 2; see also Williams v. O'Brien, No. 7:08CV00424, 2008 WL 2943146, at *2 (W.D. Va. July 30, 2008) (noting that "[f]ederal courts will not review the accuracy of a disciplinary committee's finding[s] of fact" unless "they are unsupported by any evidence or are wholly arbitrary and capricious"). The DHO also relied on Orozco's silence before the investigating officer, UDC hearing, and hearing before the DHO. ECF No. 5-3 at 2. The DHO was entitled to draw a negative inference from that silence. Colon, 2019 WL 245920, at *4 ("The Wolff decision did not recognize a constitutional right for an inmate to remain silent during disciplinary proceedings without that silence being used as evidence against him. Thus, from Colon's failure to *deny* participation in the offenses, the DHO could lawfully infer that he *did* participate—an inference amply supported by the other, unchallenged evidence before the DHO.").[8] Clearly "some evidence" in the record supported the DHO's decision. See Tyler, 945 F.3d at 170 (citing Hill, 472 U.S. at 457).

The court briefly addresses the claims Orozco raised in his original administrative remedy. He alleged that (1) the DHO was neither certified nor had any specialized training; (2) good cause was not submitted in a timely manner for the postponement of action on the incident report, nor was any reason given on the record; (3) the DHO report was not submitted in a timely manner, which hindered his right to appeal within the time frame

---

[8] In fact, Orozco was warned that his silence could be used against him, as long as that silence alone was not used to support a finding that he committed a prohibited act. ECF No. 5-2 at 2; ECF No. 5-5 at 1.

11

allowed; and (4) Orozco was not notified of his right to appeal by the DHO to ensure that he file an appeal within that time frame. ECF No. 1 at 22-23.

With respect to the DHO, Wolff guarantees an impartial decisionmaker. Bauer, 2017 WL 318683, at *3 (citing Wolff, 418 U.S. at 566. Orozco does not allege the DHO was biased in any way. See ECF No. 1 at 22. To the extent the BOP may require certification or specified training, as noted above the BOP's violation of its own policies does not give rise to a due process violation. Bauer, 2017 WL 318683, at *3.

Next, Orozco questions the delay between the incident and the investigation. The DHO explained the delay in the DHO report, stating that "the processing of this incident report was suspended pending referral to the FBI/AUSA for possible prosecution. The report was released on June 17, 2018, at which time disciplinary proceedings resumed." ECF No. 5-3 at 2; see also n.3.

The court has already addressed the issue of Orozco's delayed receipt of the DHO and need not repeat that discussion here.

Lastly, the DHO did, in fact, advise Orozco of his appeal rights and deadlines. The report states that "[t]he inmate has been advised of the findings, specific evidence relied on . . . and reasons for the action. The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure." ECF No. 5-3 at 3.[9]

---

[9] Granted, the report goes on to state that "[a] copy of this report has been given to the inmate," ECF No. 5-3 at 3, and Orozco did not receive a copy of the report at that time. However, Orozco was obviously aware of his right to appeal and the deadline for doing so. See Bauer, 2017 WL 318683, at *3 ("Petitioner has also failed to provide any evidence that his delayed receipt of the DHO's decision had any impact at all on his ability to appeal it. Petitioner's first appeal was denied because he did not attach a copy of the DHO's decision, not because he did not timely file.").

The court finds that Orozco's claims lack merit. Therefore, the court **DISMISSES** Orozco's petition for writ of habeas corpus pursuant to § 2241.

## CONCLUSION

For the foregoing reasons, the court **DISMISSES** Orozco's motion for relief under 28 U.S.C. § 2241.

An appropriate Order will be entered.

Entered: March 5, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.03.05 11:40:59 -05'00'

Michael F. Urbanski
Chief United States District Judge